UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )
 )
Donald W. Ervin and )
Shannon E. Ervin, )
 )
                      Debtors )
_____)

CASE NO: 12-3045

## ORDER ON MOTION TO AVOID JUDICIAL LIEN

This matter is before the Court on Donald W. Ervin's (Ervin) motion to avoid the judicial lien of Lansing Building Products, Inc. (Lansing). The issue is whether 11 U.S.C. §521(a)(2)[1] precludes avoidance when debtors do not timely file a statement of intention and perform the stated intention with regard to a judicial lien secured by property of the estate. It does not.

## **FACTS**

Lansing obtained a judgment against Ervin and DONCO Exteriors, Inc. in the amount of $5,870.09 on April 24, 2012. The judgment was recorded in Richland County, South Carolina where Ervin lives and owns real property. Under South Carolina law the judgment creates a judicial lien on Ervin's real property in Richland County. S. C. Code Ann. § 15-35-810.

Ervin and his wife filed a joint petition for relief under chapter 7 of the Bankruptcy Code on May 11, 2012. Lansing was listed as an unsecured creditor on Schedule F and was not mentioned in the Statement of Intention. The chapter 7 trustee administered the estate, debtors received a discharge and the case was closed on August 15, 2012.

Subsequently, the Ervins sought to refinance the indebtedness secured by their home. A

---

1 Further reference to the Bankruptcy Code, 11 U.S.C. § 101 et. seq., will be by section number only.

lender agreed to do so, but two[2] judgment liens were discovered in the public records. Ervin then filed this motion[3]. Lansing objects to the lien avoidance solely because Ervin did not comply with §521(a)(2) but otherwise concedes that the lien is avoidable under §522(f)(1)(A). Lansing does not argue that it is prejudiced by the delay in filing the motion.

## DISCUSSION

The Bankruptcy Code grants debtors the power to avoid the fixing of certain liens that impair exemptions that the debtor would otherwise have been entitled to under applicable law. §522(f)(1). *Botkin v. DuPont Community Credit Union*, 650 F.3d 396 (4th Cir. 2011). Ervin and Lansing agree that §522(f)(1)(A) operates to avoid the fixing of the judicial lien on Ervin's home as it impairs his exemption.[4] Lansing contends, however, that Ervin's failure to state and perform his intention with regard to the judicial lien is fatal and precludes avoidance. The Bankruptcy Code provides:

> [I]f an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate –
>
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and
>
> (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by

---

[2] Motions to avoid lien were filed as to both judicial lien creditors. The other creditor did not respond to the motion and it was granted.

[3] SC LBR 4003-2(c) permits filing a motion to avoid judicial lien in a closed case without the need to reopen the case pursuant to §350, thus avoiding imposition of the automatic stay and other concerns that would have an impact on creditors that are not the subject of the motion.

[4] The real property, in Ervin's opinion, has a value of $275,000. The senior liens total $244,307 and Ervin has claimed an exemption of $50,000.

    subparagraph (A) of this paragraph;

    except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h). . . .

§ 521(a)(2).

The requirement of a statement of intention and the fixing of a time for performance of the stated intention was added by the 1984 amendments to the Bankruptcy Code. (§305 1984 Act P.L. 98-353)  The amendment added to the list of debtor's duties a requirement that individual debtors with consumer debt secured by property of the estate state an intention to either retain or surrender the property, specify if the property is claimed exempt, will be redeemed, or the debt reaffirmed[5] and perform the stated intent by a time certain.  Concurrently, the list of chapter 7 trustee duties was amended to require that the trustee ensure the debtor's performance of the stated intention.  See §704(a)(3).

The list of debtors duties and the requirements for stated intentions with regard to property subject to a security interest has expanded and been modified in the ensuing years. Section 521(a)(2) was amended to apply to non-consumer secured indebtedness. The time period for performance of the stated intention was reduced. The phrase "except as provided in Section 362(h)" was added by the 2005 amendments to the Code.

Federal Rule of Bankruptcy Procedure 1007(b)(2) requires the use of an official form in stating the intention regarding property subject to a security interest.  The options of redemption, reaffirmation and "other" (which includes as an example the avoidance of liens using §522(f)) are given for expression of an intention by Official Form 8.  One treatise suggests that the statement of intentions is procedural and its purpose is to give notice to creditors of the debtor's

---

[5] Other options were recognized as existing by courts in our Circuit. See In re Belanger, 962 F.2d 345 (4th Cir. 1992).

intention without the need for communication with debtor's counsel or improper communication with the debtor in the event counsel is not responsive. "[T]he primary purpose of section 521(a)(2) is one of notice to remedy creditors' complaints to Congress that they could not reach debtors' attorneys and were not permitted to contact pro se debtors at all." *Collier on Bankruptcy* (16th ed.) ¶521.14[5] p 521.51. The treatise goes on to state "[s]ection 521(a)(2) was not intended to in any way limit the options available to debtors in dealing with secured debts . . . it is clear that a failure to take the action stated in the debtor's statement of intention, or to file a statement at all, does not affect the debtor's rights in the property." *Id*.

The rule that developed prior to the 2005 amendments to the Bankruptcy Code recognized the statement of intention as procedural and allowed debtors to, for example, redeem property after failing to meet the deadline. *In re Rodgers*, 273 B.R. 186 (Bankr. C.D. Ill. 2002); *In re Eagle*, 51 B.R. 959 (Bankr. N.D. Ohio 1985); *In re Cassar*, 139 B.R. 253 (Bankr. D. Colo. 1992)("Debtors should not be overly concerned if they cannot meet the deadline set forth in §521. . ."). These decisions were made under the previous version of §521(a)(2), which did not contain any creditor remedy (other than perhaps to contact the trustee and request that he ensure compliance) for failure to state an intention or timely perform the intention. Indeed, the Fourth Circuit recognized a right to redeem or reaffirm (at least) until the automatic stay terminated, even before the initial additions of § 521(a)(2). *In re Perry*, 729 F.2d 982, 986 (4th Cir. 1984)

The 2005 amendments to the Code supplied two specific remedies for creditors when statements of intention are not filed or performed within the required time frames. §§ 362(h), 521(a)(6). These provisions apply to personal property only and, as to the former terminates the automatic stay and as to the latter preclude retention of the personal property beyond a forty-five (45) day period when the security interest is purchase money. Congress has now expressly

provided remedies for certain instances of nonperformance by debtors. The enactment excludes other remedies; *expressio unius est exclusio alterius*.

In light of the limited remedies available to creditors when debtors fail to comply with §521(a)(2), the Court will not engraft a substantive bar to judicial lien avoidance based on the failure of Ervin to state and perform his intention with regard to the Lansing debt. The issue of delayed judicial lien avoidance has been addressed in a variety of context other than under §521(a)(2). See *In re Wilding*, 475 F.3d 428 (1st Cir. 2007); *In re Chiu*, 304 F.3d 905 (9th Cir. 2002); *In re Sheckard*, 394 B.R. 56 (E.D. Pa. 2008)(two year delay did not prejudice creditor); *In re Jacobs*, 154 B.R. 359 (Bankr. S.D. Fla. 1992). Lansing has not argued any prejudice resulting from the brief delay in this case and has relied solely on the technical failure of Ervin to state his intention to avoid the lien and to do so earlier in the case. Ervin's motion is granted and the judicial lien of Lansing is avoided as to the property at 1066 Grove Wilson Road, Blythewood, SC.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/02/2013**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 05/03/2013